*Court Copy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DArrell E. Emerson
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

The City & New York et al & named defendants
Anastasia Rivera, Linda Williams McCarthy, NYC Law Dept,
Leslie Smith, Herbe Oliver Taylor, Wonda Chambers,
Admin for Children Services, Christina Okwuju, Jane Doe g
Denny Marcus g Family Support Unlisted Tk g Marylin Arcaro, Keisha Sewer
Center child Guidance Center, Renee D. Mosher, Bio-Mother
Thomas Presso, Arlene Jowell, N.Y.P.D, Firearm Div g
P.O. Stacey Black, P.C. Trevor Rivera, Lt. John Eagan,
N.Y.P.D. 46th Pct, Sgt. Kevin Hoare, N.Y.P.D, Bronx
Special Victims g

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

PRO SE OFFICE

2nd Amended
**COMPLAINT**

09 CV 1656

Jury Trial: ☐ Yes ☒ No
*(check one)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the
        same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name            Darrell E. Emerson
                Street Address  1639 Nelson Ave #3F
                County, City    Bronx
                State & Zip Code  NY 10453
                Telephone Number

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 05/2007*                                  1

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name LINDA WILLIAMS McCOARTHY   Shield # _____
Where Currently Employed NEW YORK City LAW Dept
Address 100 Church St
N.Y. N.Y. 10007

Defendant No. 2   Name ANASTASIA RICENA   Shield # _____
Where Currently Employed New York City LAW Dept
Address 100 Church St.
N.Y. N.Y. 10007

Defendant No. 3   Name Lt John Tagan
Where Currently Employed 46th Pct N.Y.P.D
Address 2120 Ryer Avenue
BRONX N.Y. 10457

Defendant No. 4   Name Leslie Smith   Shield # Super.
Where Currently Employed Admin Children Services
Address 220 Church Street
N.Y. N.Y. 10007

Defendant No. 5   Name WANDA Chambers   Shield # _____
Where Currently Employed Admin Children Services
Address 220 Church Street
N.Y. N.Y. 10007

Defendant No. 6   Name Herta Olivia-Taylor   Shield # _____
Where Currently Employed Admin Children Services
Address 220 Church Street
N.Y. N.Y. 10007

Defendant No. 7   Name Christina Olamiju   Shield # _____
Where Currently Employed Family Support Unlimited Inc
Address 2530 Grand Concourse
Bronx N.Y. 10458

Defendant No. 8   Name Denny Garcia   Shield # _____
Where Currently Employed Family Support Unlimited Inc
Address 2530 Grand Concourse
Bronx N.Y. 10458

Defendant No. 9   Name [GRAND-Mother, D. GARCIA] Jane Doe   Shield #_____
Where Currently Employed Family Support Linkage INC
Address 2530 Grand Concourse
Bronx NY. 10458

Defendant No. 10   Name Marylin GRAMAS   Shield #_____
Where Currently Employed ASTOR Child Guidance Center
Address 750 Tilden Corner Street
Bronx NY 10467

Defendant No. 11   Name Aisha Senior   Shield #_____
Where Currently Employed Astor Child Guidance Center
Address 750 Tilden St
Bronx N.Y. 10467

Defendant No. 12   Name _____   Shield #_____
Where Currently Employed _____
Address _____

Defendant No. 13   Name Thomas Prasso   Shield #_____
Where Currently Employed N.Y.P.D FIREARM Division
Address 1 Police PLAZA, Room 110 A
New York, NY 10038

Defendant No. 14   Name Officer Stacy BLACK   Shield #_____
Where Currently Employed N.Y.P.D 46th Pct
Address 2120 Ryer Avenues.
Bronx N.Y. 10457

Defendant No. 15   Name Officer James Rivera   Shield #_____
Where Currently Employed N.Y.P.D., Military Leave
Address 1 Police PLAZA, Military Extended Leave Desk.
New York, NY 10038

Defendant No. 16   Name Sgt. KEVIN HOARE   Shield #_____
Where Currently Employed BRONX Special Victims
Address 1086 Simpson Street
Bronx NY 10459

Defendant No. 17   Name Arlene LOWELL   Shield #_____
Where Currently Employed N.Y.P.D. Firearm Division.
Address 1 Police PLAZA, Room 110 A
New York, NY 10038

3

Defendant No. 18     Name _Renee D. Mosher [Bio-mother]_
                     Street Address _576 Southern Blvd #17_
                     County, City _Bronx_
                     State & Zip Code _N.Y. 10455_
                     Telephone Number _____

Defendant No.        Name _____
                     Street Address _____
                     County, City _____
                     State & Zip Code _____
                     Telephone Number _____

Defendant No.        Name _____
                     Street Address _____
                     County, City _____
                     State & Zip Code _____
                     Telephone Number _____

Defendant No.        Name _____
                     Street Address _____
                     County, City _____
                     State & Zip Code _____
                     Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _Deprivation of due process rights, fourth amendment "seizure" rights, second amendment, keep and bear arms, mandatory storage clauses, first amendment, freedom of religion, 42 U.S.C. 1983, Constitutional law 4401, sections 1161, 1206, 1207, 1383, 1392, 1448._

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship _____
      Defendant(s) state(s) of citizenship _____
      _____

## III.   Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? BRONX COUNTY
HOME OF PLAINTIFF: 1639 NELSON AVE #3F, BRONX NY, 10453.

B.     What date and approximate time did the events giving rise to your claim(s) occur? ON OR
ABOUT AUGUST 17, 2006, APPROXIMATE 9:15 PM

C.     Facts: - SEE ATTACHED - FACTS:

What happened to you?

Who did what?

Was anyone else involved?

- SEE ADDENDUM (2): ATTACHED SHEET, INVOLVEMENT

Who else saw what happened?

- SEE ADDENDUM (2): ATTACHED SHEET, WITNESSES

## IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  Plaintiff SUSTAINED SERIOUS EMOTIONAL TRAUMA ON-GOING FROM AUGUST 17, 2006 TO DATE, CURRENTLY BEING TREATED FOR FOLLOWING: ADJUSTMENT DISORDER WITH MIXED EMOTIONAL FEATURES DUE: TO PAST-TRAUMATIC EVENTS, HIGH + BLOOD PRESSURE.

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. *Plaintiff is asking for $500,000 in compensatory damages, $500,000 in punitive damages and any other relief Court deems proper, based on deprivation of liberty protected interests in companionship of child, right not to be deprived of liberty as result of the falsification of evidence by a government officer acting in an investigative capacity, manufacturing of evidence and states use of that evidence to obtain wrongful conviction indisputably denied plaintiff rights secured by the Due process clause of the Fourteenth amendment, further the second amendment, Fourth amendment "seizure" clause, caused plaintiff damages, sustained emotional distress; reputation tarnished, disruption of vocational opportunities; use of firearm protection [armed], recreation use, transmitting, voluntary assis [U.S. Justice Dept.] in preventing terrorism, pecuniary loss; loss of my daughter.*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this *18* day of *March*, 20*10*

|  |  |
|---|---|
| Signature of Plaintiff | *Darrell E. Emerson* |
| Mailing Address | *1639 Nelson Ave #3F* |
|  | *Bronx NY. 10453* |
| Telephone Number | |
| Fax Number *(if you have one)* | |

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | |
| Inmate Number | |

①

United States District Court
Southern District New York

_____

Amended Complaint [second]                    Index#09Civ 1656

Darrell E. Emerson
        Against
City of New York et al
"City Defendants"
_____

1. Plaintiff argues based on new evidence [Lt. John Eagan of 46th Pct NYPD, Joe Doe defendant] from counselor Jeffery Dantowitz representing "City Defendants".

2. Lt. John Eagan of 46th Pct NYPD is John Doe defendant allegedly who authorized Sgt Kevin Hoare of 46th Pct NYPD to remove all firearms from plaintiff home on 08/17/2006.

3. Lt. John Eagan of 46th Pct NYPD violated plaintiff right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, under the fourth amendment, and violating plaintiff right to keep and bear arms under the second amendment rights, and violating the plaintiff right to due process of the law under the fourteenth amendment, and further violating 42 U.S.C. 1983.

4. Lt. John Eagan of 46th Pct NYPD  is the John Doe defendant who reported to Administration for Children Services that, allegedly plaintiff had "loaded gun within reach of the child". Although city agencies and NYS licensed individuals are required [mandated] to report any suspected alleged abuse and or neglect of children, furthermore they have a obligation, even a duty to report the correct facts, in a non-negligent fashion, with reasonable care, and unbiased investigation, plaintiff alleges conduct of Lt. John Eagan caused the plaintiff damage.

5. Clearly Lt. John Eagan of 46th Pct NYPD, failed to report accurately, regarding alleged loaded gun, further failed in his assessment and investigation on scene [Home of plaintiff] regarding alleged loaded gun "within reach of the child", this material fact highlighted by, Hon. Judge Allen G. Alpert, New York State, Bronx County Family Court, assessment of the facts, regarding gun allegedly within reach of the child, Hon. Judge Alpert ruled that plaintiff had exercised proper precautions to secure all firearms in his possession, importantly concluding that evidence presented by plaintiff were" powerful evidence of the precautions taken" by plaintiff, and importantly that the "Unloaded gun was not within reach of the child", in glaring contrast to Lt. John Eagan of 46th Pct NYPD, subjective, arbitrary, prejudicial/bias assessment and subsequent investigation [report] of the facts and circumstances surrounding incident on



08/17/2006, Hon. Judge Alpert dismissal on 01/24/2008, is a material fact and the plaintiff most compelling evidence in this action, neither Counselor Dantowitz nor Counselor Zonghetti dispute this material fact, Hon. Judge Alpert dismissal not even mentioned by either of the counselors.

6. Lt. John Eagan of 46th Pct NYPD manufactured false evidence to support alleged "emergency circumstance" [alleged "Loaded Gun"] and alleged abuse of" emergency removal" and is allegedly guilty of criminal collusion. Lt. John Eagan report is significantly contradicted by P.O. Officer Adrian Ramos, on 08/17/2006 was member 46th Pct NYPD, initial officer on scene, testified in Bronx County Family Court, on 11/14/2007 that "gun was Unloaded" [material fact]. General issue of material fact, as to whether Lt. John Eagan knew gun was unloaded and fabricated report intentionally to deprive plaintiff of constitutionally and or statutory rights, plaintiff argues that the alleged manufacture of false evidence is at issue, "right at issue in this case" the right not to be deprived of liberty as result of the fabrication of evidence by a government officer acting in an investigative capacity.

: Anthony v. Baker, 767 F. 2d 657,662-63 (10th Cir. 1985).

Manufacturing of evidence and the states use of that evidence to obtain wrongful conviction indisputably denied him [plaintiff] rights secured by the Due Process Clause .

: Newsome v. McCabe, 256 F. 3d 747, 752 (7th Cir. 2001).

7. Lt. John Eagan of 46th Pct NYPD allegedly violated plaintiff right to keep and bear arms, under the second amendment, further that mandatory storage is unconstitutional, plaintiff within bounds of his second amendment protection, according to Hon. Justice Gary J. Weber of NYS Supreme Court, Suffolk ruling, Joseph L. Coloaiavo v. Richard Dormer, further plaintiff right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, under the fourth amendment and plaintiff right not to be deprived of life, liberty or property without due process of the law under the fourteenth amendment and further allegedly violating 42 U.S.C. 1983.

8. Plaintiff argues allegedly Lt. John Eagan of 46th Pct NYPD directed P.O. Officer Stacy Black and P.O Officer James Rivera both, of 46th Pct NYPD to abusively [By violently shacking child], interrogate child while at sleep, at 3:00am on 08/18/2006, on scene at St. Barnabas Hospital Emergency room.

③

9.    Plaintiff argues on grounds mentioned above, #4 #5, #6,  alleged
       criminal collusion and alleged child abuse with respect to Lt. John Eagan,
       P.O. Officer Stacy Black, P.O. Officer James Rivera, of the 46th Pct NYPD.

10. Plaintiff argues that allegedly two different witnesses, Jane Doe staff nurse St
      Barnabas Hospital commented to P.O. Officer Stacy Black and P.O. Officer
      James Rivera both of the 46th Pct NYPD, that "you could give a child whiplash
      by shacking her like that"

11. Plaintiff argues that second witness, John Doe ACS worker accompanied by ACS
      Supervisor (2) Leslie Smith, allegedly commented to P.O. Officer Stacy Black
      and P.O. Officer James Rivera both of 46th Pct NYPD that "you could have a
      lawsuit for shacking a child like that, especially when it [examination] was
      unfounded ".

12. Plaintiff argues that the alleged abuse of "emergency circumstance"
      argued by Counselor Dantowitz and subsequent "alleged abuse
      of "emergency removal" is alleged policy and or custom ["at issue"] that,
      deprives parents liberty protected interest rights, and constitutional section
      1392; disrupted familial relationships of plaintiff, thereby clearly implicating
      federally protected rights, and further allegedly violating under the due
      process clause of the fourteenth amendment, and violates right to be secure in
      their persons, houses, papers, and effects, against unreasonable searches and
      seizures, under the fourth amendment and further violates 42 U.S.C. 1983.

13. Plaintiff argues that the "manufactured false evidence" [allegedly by Lt. John
      Eagan of 46th Pct NYPD] is at issue and directly correlates to alleged
      "emergency circumstance" and subsequent alleged abuse of "emergency removal"
      which Counselor Dantowitz representing "City Defendants" argues in his pre
      -motion to dismiss ["emergency circumstance"], letter dated 11/18/09; further
      Dantowitz argues alleged sexual abuse, as support for alleged "emergency
      circumstance" which [material fact], the sex abuse allegation
      determined unfounded by [Dr. Henry Bruce, St Barnabas Hospital], same night
      08/18/2006, and when unfounded determination occurred, the alleged
      "emergency circumstance" ended, further subject child had been discharged

④

14. Lt. John Eagan allegedly abused his authority, alleged abuse of process ["emergency circumstance and emergency removal"], and alleged; intentional and or negative infliction of emotional distress, gross-negligence, [with deliberate indifference], failure to exercise professional judgment, knowingly violating the law, reckless, failure to adequately supervise subordinate officers, either knew or should have known that his actions/conduct would violate plaintiff constitutional and or statutory rights, if proven true, clearly defeating any qualified immunity claim by Counselor Dantowitz, further causing plaintiff damage and is an alleged policy and or custom that is unconstitutional, executed with reckless, deliberate indifference, constituting alleged grounds for Municipal liability. "Historically this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property."

: Daniels v. Williams, 474 U.S. 327, 331, 88 L. Ed. 2d 662, 106 S. Ct. (1986).

15. Counselor Dantowitz further argued that, removal of firearms was justified based on alleged "emergency circumstance", plaintiff objects; general issue of material fact as to whether, Lt. Eagan allegedly manufactured false evidence, and further under second amendment protection, [District of Columbia v. Heller] confiscation allegedly violates the "mandatory storage clause", which was ruled as unconstitutional by NYS Supreme Court, Suffolk County, Hon. Justice Gary J. Weber, Joseph L. Colaiacovo v. Richard Dormer, in exhibits this action, further was clearly unreasonable, and is alleged violation of plaintiff right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, fourth Amendment, Further violated, Due Process, Fourteenth amendment, and further allegedly violated 42 U.S.C. 1983. Further there were alternatives available,

however Lt. John Eagan chose the most extreme measures, depriving plaintiff of his liberties, [all firearms] based on alleged abuse of "emergency circumstance", plaintiff reported to CCRB [#07-25855] regarding conduct of officers from 46th Pct NYPD during incident 08/17/2006; alleged photos [cell phone] plaintiff shotgun, officer [John Doe ["this would be nice with me"], anti religious, ethnic comments, desecration of holy shrine of parents of plaintiff, threatened with arrest if we asked any questions, illegally searching apartment without permission, or warrant, racial overtones, and further frivolous alleged sexual abuse [fabricated], determined unfounded by Dr. Henry Bruce, 08/18/20, significantly when the unfounded determination occurred, the alleged "emergency circumstance" disappeared.

Counselor Dantowitz further argued that Hon. Judge Alpert ruled that child was in imminent risk, suggesting credibility to alleged "emergency circumstance", however Plaintiff argues that, Family Court Judges are mandated to enact this [Imminent risk] factor, initially to protect well-being of children, further it is preliminary action, and a common practice, clearly this process do not

(S)

establish credibility to actual imminent risk, error on the side of caution? [child protection], when the facts were clearly established, however Hon. Judge Alpert ruled to dismiss the Neglect Petition, and in his Court opinion; lambasted City of New York, ACS and law enforcement, for maligning plaintiff with unjust case, Court opinion, Dismissal "In the Furtherance of Justice".

:

16. Lt John Eagan of 46thPct NYPD sworn to defend the United States Constitution and further to protect and serve the citizens of New York City, unfortunately Lt. John Eagan has allegedly clearly failed to defend the constitutional and or statutory rights of the plaintiff, simultaneously depriving plaintiff of his liberty protected interest unjustifiably, regarding the incident that occurred on or about 08/17/2006, at home of plaintiff, and further failed to protect and serve the plaintiff liberties regarding same incident. Lt. John Eagan of 46th Pct NYPD allegedly manufactured false evidence, to support "emergency removal" of child from St.Barnabas Hospital, Counselor Dantowitz attempts to cloak this defendant with qualified immunity and, this insulation should be defeated, although counselor Dantowitz continues to insulate his defendants with claims of qualified immunity, emergency circumstances, improper service, etc and anticipated motion to dismiss, however plaintiff is confident complaint sufficient facts to plead and further sufficient facts to prevail, if it pleases the Court and the Court allows plaintiff opportunity to be heard and present evidence...

## Cause of Action:

1. **First Cause of Action (1983/ Due Process of the Law)**

   A. "By Lt. John Eagan of 46th Pct NYPD authority, [on scene] removal [confiscation] of legally residence and licensed firearms from home of plaintiff on 08/17/2006, executed by Sgt. Kevin Hoare of 46th Pct NYPD, "under color of state".

   B. Counselor Dantowitz argued in letter 11/18/2009 that claimed "emergency circumstance" and "objectively reasonable basis", allowed removal of firearms, Plaintiff, argues, alleged misconduct of Officers from 46thPct NYPD, 08/17/2006 on scene, CCRB [#07-25855] reported regarding multiple complaints ranging from; [John Doe] officer taking photos [cell phone] of plaintiff shotgun, commented "this would be nice for me", anti- religious, ethnic comments, desecration of holy shrine to plaintiff parents, illegally searching apartment without permission, and or warrant, threatened with arrest if we asked any questions, humiliated, confiscation of all legally licensed firearms, ammunition, papers and effects,



C. Lt John Eagan never responded to plaintiff complaints, however Sgt.
   Hoare did visit the plaintiff home while on duty, expressed his personal
   apologies for some of the officers conduct that incident, of 08/17/2006,
   clearly Lt. John Eagan was responsible as senior officer, to adequately
   supervise his officers, plaintiff alleges that correlation between conduct of
   officers and including but not limited to Lt. John Eagan failure to
   adequately supervise conduct of officers under his command, subsequent
   with his decision to remove [all of the] plaintiff firearms,

D. plaintiff further objects, due to allegation of Lt. John Eagan,
   manufacturing false evidence, [at issue], and [all of these] defendants
   knowingly violated the law, either knew, or should have known that
   their conduct would violate plaintiff constitutional and or statutory
   rights, occurring simultaneous with firearm removal action, significant
   plaintiff argues, law enforcement investigative process was allegedly
   prejudicial, arbitrary, and allegedly criminal collusion occurred?
   general issues of material fact, regarding conduct
   of Lt. John Eagan; alleged manufacture false evidence, and or gross-
   negligence [with deliberate indifference], failure to adequately supervise
   subordinate officers, unreasonable, alleged unconstitutional decision to
   remove all firearms, if it pleases the Court, plaintiff should be heard.

E. When there were alternative possibilities to this course of action,
   however the Lt. John Eagan and Sgt. Kevin Hoare, rushed to judgment,
   executed the most extreme action [confiscation], plaintiff has factual
   incident similar to incident of 08/17/2006, demonstrating the correct
   alternative action regarding non-removal of firearms in this type scenario,
   that will be presented in anticipated opposition to motion to dismiss, and
   without considering plaintiff constitutional and or statutory rights,
   the firearms issue was coincidental to alleged sex abuse investigation,
   and as result, confiscation should not have been authorized at this point.

F. When Dr. Henry Bruce determined that sex abuse allegation was
   unfounded, the alleged "emergency circumstance" disappeared, yet the
   deprivation of plaintiff liberties had preceded the unfounded
   determination by Dr. Bruce, without forethought of plaintiff liberties,
   by Lt. John Eagan, causing the plaintiff damages.

G. [All of these] defendants [under color of state] allegedly violated
   plaintiff right to keep and bear arms under the second amendment,
   further allegedly violated plaintiff right to be secure in their persons,
   houses, papers, and effects, against unreasonable searches and seizures,
   shall not be violated, under the fourth amendment, and allegedly
   violated plaintiff right not to be deprived of life, liberty, or property,
   without due process of the law, under the fourteenth amendment, and
   allegedly constitutional law 4401,



sections, 1161, 1206, 1392, 1448 and further allegedly violated 42 U.S.C. 1983. "

**Support Cases:**

1. U.S. Supreme Court; District of Columbia v. Heller.. U.S.-128 S. Ct. 2783
2. New York State Supreme Court, Suffolk County; Joseph L. Colaiacovo v. Richard Dormer, Index # 08-020230
3. McCoy v. City of Monticello, C.A. 8 (Ark.) 2003, 342 F. 3d 842.
4. Swine hart v. McAndrews, E.D. Pa. 2002 221 F. Supp. 2d 552
5. Constitutional law; 4401, section, 1206; Due process of the law

## 2. Second Cause of Action, (1983/ Due Process of the law)

A. "By Lt. John Eagan of 46th Pct NYPD, manufacture of false evidence, by report to Administration for Children Services; alleged "loaded gun within reach of the child", Lt. John Eagan [on scene] St. Barnabas Hospital, P.O. Officer Stacy Black and P.O. Officer James Rivera allegedly directed by Lt. John Eagan to interrogate subject child while sleeping at 3:00am [abusively shacking], allegedly observed by two witnesses, Jane Doe St. Barnabas Hospital Staff Nurse, commented to P. O. Officer Stacy Black and P.O. Officer James Rivera, both of 46th Pct NYPD, that "you could give a child whiplash by shacking her like that" John Doe ACS Worker accompany to ACS Supervisor (2) Leslie Smith [on scene] commented to same Officers that "you could have a lawsuit for shacking a child like that, especially since case was unfounded".

B. Additionally P.O. Officer Stacy Black and P.O. Officer James Rivera working in concert with ACS Worker, Herta Olivia Taylor, executed the illegal removal [alleged abuse of "emergency removal"] of subject child, disregarding Dr. Henry Bruce discharge order to return home, follow-up with Dr. Rice [C.A.C.], and glaringly the unfounded determination of Dr. Bruce, this conduct suggest motivation beyond dynamic of typical investigation, and grounds for alleged criminal



collusion, and alleged manufacture of false evidence [at issue], child abuse, general issue as to material fact as to whether Lt. John Eagan was responsible for ordering these actions and his alleged manufacture of false evidence, failure to adequately supervise subordinate officers, conduct which caused the plaintiff damages.

C.  Lt. John Eagan "under color of State" is allegedly; guilty of abuse of authority, abuse of process ["emergency removal"], intentional and or negative infliction of emotional distress, and or gross-negligence [with deliberate indifference], failed to exercise professional judgment, failure to adequately supervise subordinate officers, and further the alleged "emergency circumstance" and the alleged abuse of "emergency removal" with deliberate indifference, are alleged policy and or custom that is unconstitutional and allegedly grounds for Municipal liability, [amplified in anticipated opposition, motion to Dismiss].

D.  [All of these] defendants knowingly violated the law, forfeiting qualified immunity, further [acting under color of state], allegedly violated plaintiff right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures, shall not be violated, under fourth amendment, and plaintiff right not to be deprived of his liberty protected interest, in companionship of his child, his life, liberty, or property under fourteenth amendment, constitutional law 4401, sections; 1392, 1448, 1207, 1161 and further 42 U.S.C. 1983."

**Support Cases:**

1.  Gomes v. Wood C.A. 10 (Utah) 2006, 451 F.3d 1122.
2.  Whelehan v. Monroe County, W.D.N.Y. 1983 558 F. Supp. 1093
3.  Harlow v. Fitzgerald, 457 U.S. 800 102 S. Ct. 272 73L. Ed. 2d 396 (1982).
4. Crawford v. Garnier, 719 F.2d 1317, 1324 (7th Cir.1983).
5. Mendez v. Rutherford, 655 F. Supp. 115 (N.D. Ill. 1986).
6. O'Donnel v. Brown, W.D. Mich. 2004, 355 F. Supp. 2d 787.

**3. Third Cause of Action (1983/ Due Process of the Law)**

⑨

A. "By Lt. John Eagan working in concert with ACS Supervisor (2) Leslie Smith, both allegedly manufacturing false evidence, included in Neglect Petition [NN-20237-06], dated 08/21/2006, working in concert with Linda Williams McCarthy, Assist Corp Council, City of New York, prosecuted these fabricated allegations, allegedly manufactured false evidence, general issue material fact as to whether, defendants [Lt. John Eagan, Leslie Smith] intentionally deprived plaintiff of his liberty protected interests, disrupting familial relationships, Lt. John Eagan of 46th Pct NYPD, and Leslie Smith, ACS, Child Protection Specialist, Supervisor (2),

B. [All of these] defendants knowingly violated the law, "Under Color of State", failed to exercise professional judgment, either knew, or should have known that their conduct would violate constitutional and or statutory rights of plaintiff, [McCarthy] allegedly, engaged in dishonesty, constitutional tort of malicious prosecution, [Smith] allegedly, manufactured false evidence, abused authority, abuse of process, criminal collusion, intentional and or negative infliction of emotional distress [Lt. John Eagan] allegedly, manufactured false evidence, [report to ACS of alleged "loaded gun within reach of the child"] contradicted by P.O. Officer Adrian Ramos formerly of 46th Pct NYPD,

C. malicious prosecution, [individual subjected to sufficient deprivation of liberties to constitute "seizure" necessary to support their malicious prosecution claim under 1983, against Lt. John Eagan, failure to adequately supervise subordinate officers, abused authority, abuse of process [emergency removal], intentional and or negative infliction of emotional distress, and or gross-negligence [with deliberate indifference], criminal collusion, child abuse.

D. All of these defendants allegedly violated, plaintiff liberty protected interests, constitutional law 4401; sections 1392, 1448, 1206, 1383, and further allegedly violated plaintiff right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, under the fourth amendment, and further, allegedly violated plaintiff right not to be deprived of life, liberty, or property, without due process of the law, under the fourteenth amendment and plaintiff right not to be allegedly deprived of their liberties by fabrication of evidence by government official in an investigative capacity and further allegedly violated 42 U.S.C. 1983.



**Support Cases:**

1. Cox v. County of Suffolk, 780 F. Supp 103, 109 (E.D.N.Y. 1991).
2. Oakley v. City of Rochester, 71 A.D. 2d 15, 421 N.Y.S. 2d 472 (4th Dept. 1979)
3. Maxwell v. City of New York, 156 A.D. 2d 28,554 N.Y.S. 2d 502(1[s] Dept.1990).
4. Roskos v. Sugarloaf, Tp. M.D. Pa 2003 295 F. Supp 2d 480 Civil Rights

## 4. Fourth Cause of Action

A. "By inadequate training and or supervision evidenced in alleged misconduct complaint, CCRB # [07-25855], multiple complaints mentioned in second amended complaint, under first cause of action part B, plaintiff alleges that lack of supervision by Lt. John Eagan, amounted to deliberate indifference, "under color of State" further plaintiff alleges that conduct relative to anti-religious comments, make no law respecting an establishment of religion, or prohibiting the free exercise thereof, under first amendment protection, John Doe officer allegedly violated plaintiff right, and Lt. John Eagan is responsible as senior officer at scene, to exercise adequate training and or supervision of officers in his command.

B. Plaintiff further is arguing that the alleged abuse of the "emergency removal" and alleged abuse of "emergency circumstance" with deliberate indifference, and defendants allegedly knowingly violated the law, further based on inadequate training and or supervision of defendants from law enforcement and child protection, as relates to this action, constitute custom and, or policy those are grounds for municipal liability [amplified in anticipated opposition to motion to dismiss.

C. Plaintiff alleging defendants, Lt. John Eagan, Leslie Smith, lack of adequate supervision, and or training, amounted to deliberate indifference, reckless, knowingly violating the law, either knew or should have reasonably known that conduct would violate plaintiff constitutional and or statutory rights, allegedly manufactured false evidence [in conjunction with alleged failure to supervise, and or train adequately], alleged policy and or custom that is actionable under 1983, grounds for municipal liability, plaintiff has right to freely exercise his religion, without prohibition, under first amendment, further not to be deprived of his liberties, including life, liberty, or property, without due process of law, under the fourteenth amendment, regarding alleged misconduct of officers from 46th Pct NYPD, on or about 08/17/2006, home of plaintiff, Lt. John Eagan was senior officer on scene, hence is responsible and as result liable for damages,

D. further alleged policy and or custom, regarding alleged abuse of emergency removal, and alleged abuse of emergency circumstance, amounts to deliberate indifference by municipal officials, with policymaking authority, which includes failure to train and or supervise child protection [supervisory personnel], and included law enforcement supervisory personnel, and further allegedly violated 42 U.S.C. 1983, VIOLATED, FOURTH & FOURTEENTH AMENDMENT, [AMPLIFIED IN ANTICIPATED OPP TO MOTION TO DISMISS]-

**Support Cases:**

1. Jones v. City of Hartford, D. Conn, 2003, 285 F. Supp. 2d  174.
   Civil Rights, 1352(1).
2. Parker v. Town of Swansea, D. Mass 2003, 270 F, Supp. 2d  92.
   Civil Rights 1352(4).

**Damages:**

1. Compensatory…. $ 50,000.00 included interest at 9%.
2. Punitive…………$ 50,000.00 included interest at 9%

Any other relief the Court deems as proper.

Respectfully Submitted By
Darrell E. Emerson
Plaintiff Pro Se.

**Copies Sent:**

NYC. Law Dept.

1. Jeffery S. Dantowitz Esq.
   100 Church Street
   New York NY 10007
2. Gino Zonghetti Esq.
   26 Broadway
   New York NY 10007
3. P.O. James Rivera:
   Military leave Desk,
   1 Police Plaza, Room 1008
   New York, NY 10038
4. Bronx Special Victims
   Attn: Sgt Kevin Hoare
   1086 Simpson Street
   Bronx NY 10459
5. NYPD 46th Pct
   Attn: Lt. John Eagan
   2120 Ryer Avenue
   Bronx NY 10457
6. NYPD 46th Pct
   Attn: P.O. Stacy Black
   2120 Ryer Avenue
   Bronx NY 10457
7. NYPD Firearm Div
   Attn:C/O, Thomas Prasso
   1 Police Plaza, New York NY 10038
   Room 110A.
8. NYPD Firearm Div.
   Attn: Arlene Lowell Esq.
   1 Police Plaza, New York NY 10038.
9. NYC Admin for Children Services
   Attn: Leslie Smith
   220 Church Street
   New York NY 10007
10. NYC Admin for Children Services
    Attn: Herta Olivia Taylor
    220 Church Street
    New York, NY 10007
11. Linda Williams McCarthy
    NYC Law Dept.
    100 Church Street
    New York NY 10007
    C/o Jeffery S. Dantowitz Esq.

12. **Anastasia Rivera**
    **NYC Law Dept.**
    **100 Church Street**
    **New York NY 10007**
    **C/o Jeffery S. Dantowitz Esq.**
13. **Wanda Chambers**
    **NYC Law Dept.**
    **100 Church Street**
    **New York NY 10007**
    **C/o Jeffery S. Dantowitz Esq.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

The City of New York et al
"The City Defendants"
Named defendants
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

09 Civ. 1656 (VM) (FM)

**AFFIRMATION OF SERVICE**

I, Darrell E. Emerson , declare under penalty of perjury that I have
*(name)*

served a copy of the attached (2) Amended Complaint
*(document you are serving)*

upon Wanda Chambers whose address is 100 church
*(name of person served)*

Street, New York, N.Y. 10007, C/o Jeffery S. Dantowitz Esq.
*(where you served document)*

by Mail
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Bronx , N.Y.
        *(town/city)*      *(state)*

        March   08 , 20 10
        *(month)*  *(day)*  *(year)*

Darrell E. Emerson
*Signature*

1639 Nelson Ave
*Address*

Bronx NY
*City, State*

10453
*Zip Code*

_____
*Telephone Number*

Rev. 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

The City of New York et al
" The City Defendants "
Named defendants

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

09 Civ. 1656   (VM) (FM)

**AFFIRMATION OF SERVICE**

- against -

I, Darrell E. Emerson , declare under penalty of perjury that I have
                    *(name)*

served a copy of the attached   (2) Amended Complaint
                                *(document you are serving)*

upon Linda Williams McCarthy            whose address is 100 Church
      *(name of person served)*

Street , New York, N.Y. 10007 , C/o Counselor Jeffery S. Dardowicz .
                            *(where you served document)*

by   Mail
      *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated:   Bronx   , N.Y.
          *(town/city)*      *(state)*

March   08 2010
*(month)*   *(day)  (year)*

Darrell E. Emerson
Signature

1639 Nelson Ave
Address

Bronx   N.Y.
City, State

10453
Zip Code

_____
Telephone Number

*Rev 05/2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

The City of New York et al
" the city Defendants "
Named Defendants

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

09 Civ. 1656 (VM) (FM)

**AFFIRMATION OF SERVICE**

I, Darrell E. Emerson , declare under penalty of perjury that I have

*(name)*

served a copy of the attached (2) Amended Complaint

*(document you are serving)*

upon Anastasia Rivera whose address is 100 Church

*(name of person served)*

Street, New York, N.Y. 10007, C/o Jeffery S. Dantowitz Esq.

*(where you served document)*

by Mail

*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Bronx , NY

*(town/city)* *(state)*

March 08, 20 10

*(month)* *(day)* *(year)*

Darrell E. Emerson
Signature

1639 Nelson Ave
Address

Bronx NY.
City, State

10453
Zip Code

_____
Telephone Number

Rev. 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

09 Civ. 1656 (VM) (FM)

- against -

The City of New York et al
"The City Defendants"
Named defendant's
_____

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Darrell E. Emerson , **declare under penalty of perjury** that I have
*(name)*

served a copy of the attached (2) Amended Complaint
*(document you are serving)*

upon Herta Olivia - Taylor, ACS whose address is 220 Church
*(name of person served)*

Street, New York, NY. 10007
*(where you served document)*

by Mail .
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Bronx , NY.
*(town/city)* *(state)*

March 08, 2010
*(month)* *(day) (year)*

Darrell E. Emerson
Signature

1639 Nelson Ave
Address

Bronx NY.
City, State

10453
Zip Code

_____
Telephone Number

*Rev. 05/2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

09 Civ. 1656 (VM) (FM)

- against -

The City of New York et al
"the City Defendants"
Named defendants
_____

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Darrell E. Emerson , **declare under penalty of perjury** that I have
*(name)*

served a copy of the attached (2) Amended Complaint
*(document you are serving)*

upon Thomas Prasso C/O whose address is 1 Police
*(name of person served)*

Plaza, Room 110A, Firearms Division, New York, N.Y. 10038
*(where you served document)*

by Mail
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Bronx , NY
*(town/city)*     *(state)*

March    08, 2010
*(month)*    *(day) (year)*

Darrell E. Emerson
*Signature*

1639 Nelson Ave
*Address*

Bronx N.Y.
*City, State*

10453
*Zip Code*

_____
*Telephone Number*

*Rev. 05/2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL E. EMERSON

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

against

The City of New York et al
"The City Defendants"
NAMED defendants

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

09 Civ. 1656 (VM) FM)

AFFIRMATION OF SERVICE

I, Darrell E. Emerson , declare under penalty of perjury that I have
      (name)

served a copy of the attached (2) amended complaint
                              (document you are serving)

upon Jeffrey S. Dantowitz Esq. whose address is 100 Church
      (name of person served)

at New York, N.Y. 10007
      (where you served document)

by mail
      (how you served document: For example – personal delivery, mail, overnight express, etc.)

Dated: Bronx           N.Y.
      (town/city)      (state)

March      08 , 2010
(month)   (day)  (year)

Darrell E. Emerson
Signature

1639 Nelson ave
Address

Bronx N.Y.
City, State

10453
Zip Code

_____
Telephone Number

Rev 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

09 Civ. 1656 (VM) (FM)

-against-

The City of New York et al
a "The City Defendants"
Named defendants

AFFIRMATION OF SERVICE

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Darrell E. Emerson, declare under penalty of perjury that I have
*(name)*

served a copy of the attached (2) Amended complaint
*(document you are serving)*

upon Gina Zonghetti Esq. whose address is 26
*(name of person served)*

B way New York, N.Y. 10007
*(where you served document)*

by mail
*(how did you served document: For example – personal delivery, mail, overnight express, etc.)*

Dated: Bronx , N.Y.
*(town/city)* *(state)*

March 08 , 2010
*(month)* *(day)* *(year)*

Darrell E. Emerson
Signature

1639 Nelson Ave
Address

Bronx N.Y.
City, State

10453
Zip Code

_____
Telephone Number

Rev 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Darrel E. Emerson*

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

09 Civ. 1656 (VM) (FM)

-against-

*The City of New York Et al*
*" the City Defendant's "*
*named defendants*

AFFIRMATION OF SERVICE

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, *Darrel E. Emerson* declare under penalty of perjury that I have
            (name)
served a copy of the attached *(2) Amended Complaint*
                                                (document you are serving)

upon *P.O. James Rivera* whose address is *1 Police*
        (name of person served)

*Plaza, Room 1008, Military leave Desk, New York, N.Y. 10038*
                        (where you served document)

by *mail*
    (how you served document: For example – personal delivery, mail, overnight express, etc.)

Dated: *Bronx*, *NY*
        (town/city)   (state)

*March* *08*, 20*10*
(month)   (day)   (year)

*Darrell E. Emerson*
Signature

*1639 Nelson Ave*
Address

*Bronx N.Y.*
City, State

*10453*
Zip Code

_____
Telephone Number

Rev 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson

_(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)_

09 Civ. 1656 (VM FM)

against

The City of New York et al
"The City Defendants"
Named Defendants

AFFIRMATION OF SERVICE

_(In the space above enter the full name(s) of the defendant(s)/respondent(s).)_

I, Darrell E. Emerson , declare under penalty of perjury that I have
_(name)_

served a copy of the attached (2) amended complaint.
_(document you are serving)_

upon Sgt. Kevin Hoare, ~~also~~ whose address is Bronx
_(name of person served)_

Special Victims, 1086 Simpson St, Bronx NY. 10459, NYPD,
_(where you served document)_

by Mail
_(how you served document: For example - personal delivery, mail, overnight express, etc.)_

Dated: Bronx , NY .
_(town/city)_     _(state)_

March 08 , 20 __
_(month)_   _(day)_   _(year)_

Darrell E. Emerson
_Signature_

1639 Nelson Ave
_Address_

Bronx N.Y.
_City, State_

10453
_Zip Code_

_Telephone Number_

Rev 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Darrell E. Emerson*

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

09 Civ. 1656 (VM) (FM)

-against-

*The City of New York et al*
*" the City Defendants"*
*Named Defendants*

AFFIRMATION OF SERVICE

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, *Darrell E. Emerson*, declare under penalty of perjury that I have
      (name)

served a copy of the attached *(2) Amended Complaint*
                              (document you are serving)

upon *Lt. John Eagon* whose address is *2120*
     (name of person served)

*Ryan Avenue, Bronx N.Y. 10457, NYPD, 46th Pct*
                    (where you served document)

by *mail*
   (how you served document: For example - personal delivery, mail, overnight express, etc.)

Dated: *Bronx*, *NY*
       (town/city)   (state)

*March* *08* 20 *10*
(month)  (day)  (year)

*Darrell E. Emerson*
Signature

*1639 Nelson Ave*
Address

*Bronx N.Y.*
City, State

*10453*
Zip Code

_____
Telephone Number

Rev. 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

against

The City of New York et al
"The City Defendents"
Named defendents

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

09 Civ. 1656 (VM) (FM)

AFFIRMATION OF SERVICE

I, Darrell E. Emerson , declare under penalty of perjury that I have
       *(name)*

served a copy of the attached (2) Amended Complaint
                                   *(document you are serving)*

upon B.O. Stacy Black                    whose address is 2120 Ryer
     *(name of person served)*

Avenue, Bronx NY 10457, NY P.D. 46th Pct.
                   *(where you served document)*

by _____
      *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated:  Bronx     , NY.
        *(town/city)*    *(state)*

       March    08, 2010
       *(month)*  *(day)* *(year)*

Darrell E. Emerson
Signature

1639 Nelson Ave
Address

Bronx NY.
City, State

10453
Zip Code

_____
Telephone Number

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darrell E. Emerson

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

The City of New York et al
" The City Defendants"
Named defendants

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

09 Civ. 1656 (VM) (FM)

AFFIRMATION OF SERVICE

I, Darrell E. Emerson, declare under penalty of perjury that I have
*(name)*

served a copy of the attached (2) Amended Complaint
*(document you are serving)*

upon Ardena Lowell Esq whose address is 1 Police
*(name of person served)*

Plaza, Firearm Div, Room 110A, New York, N.Y. 10038
*(where you served document)*

by mail
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Bronx , NY
 *(town/city)*    *(state)*

March    08, 20 10
*(month)*    *(day)*    *(year)*

Darrell E. Emerson
Signature

1639 Nelson Ave
Address

Bronx N.Y.
City, State

10453
Zip Code

_____
Telephone Number

Rev 05/2007